UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE E. ALLRED AND MELISSA M. ALLRED,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE COMPANY, *et al.*<br>　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-02129-LAB-AHG<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR A CASE MANAGEMENT CONFERENCE AND LIMITED DISCOVERY FROM THE CHICAGO TITLE DEFENDANTS**<br><br>**[ECF No. 81]** |

Before the Court is a Joint Motion Regarding Plaintiffs' Request for a Case Management Conference and Limited Discovery from the Chicago Title Defendants. (ECF No. 81), filed by Plaintiffs and Defendants Chicago Title Company and Chicago Title Insurance Company (jointly, the "Chicago Title Defendants"). For the reasons that follow, the Court **DENIES** Plaintiffs' request for a Case Management Conference ("CMC") and limited discovery from the Chicago Title Defendants.

**I.　BACKGROUND**

On November 5, 2019, Plaintiffs Blake E. Allred and Melissa M. Allred ("Plaintiffs") filed their Complaint against eight Defendants, including the Chicago Title Defendants. Adelle E. DuCharme ("DuCharme"), Betty Elixman ("Elixman"), Cris Torres

("Torres"), and Gina Champion-Cain ("Champion-Cain") are also defendants in this suit.[1]

This case arises out of same underlying events as a related case in this Court, *Securities and Exchange Commission v. Champion-Cain, et al.*, Case No. 3:19-cv-1628-LAB-AHG, in which the Securities and Exchange Commission has alleged that Defendant Champion-Cain defrauded investors through the use of a fraudulent liquor license lending program. The Chicago Title Defendants are alleged to have hosted the escrow accounts involved in the purported fraud. In the related case, the Court established an equitable receivership and appointed a permanent receiver to take control of the assets within the receivership estate. Relevant here, in June 2020, the Court approved the receiver's request to create a repository of approximately 240,000 pages of documents relevant to the liquor license lending program, in part because the receiver had received requests for such documents from numerous interested parties involved in current and forthcoming or potential litigation related to the program.

In the instant action, Plaintiffs bring federal and state statutory claims against Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d), and violations of the California Business and Professions Code § 17200, *et seq.*, as well as common-law claims of Aiding and Abetting Fraud, Breach of Fiduciary Duty, and Negligence. ECF No. 1. All claims arise out of Defendants' alleged fraudulent activity in connection to the liquor license lending program. *Id.* Torres and Champion-Cain filed Answers to the Complaint. ECF Nos. 39, 45. All other Defendants have filed pending dispositive motions in this case, including: (1) the Chicago Title Defendants' Motion to Dismiss or in the Alternative, to Stay (ECF No. 34); (2) Defendant DuCharme's Motion to Stay Civil Proceedings Pending Criminal Investigation (ECF No. 35); and (3) Defendant Elixman's Motion to Dismiss or in the Alternative, to Stay (ECF

---

[1] Plaintiffs voluntarily dismissed defendants Joelle Hanson and Rachael Bond from the suit with prejudice in March 2020, and Plaintiffs' motion to voluntarily dismiss Defendant Torres is pending. ECF Nos. 68, 69, 71, 73.

No. 37).

The Court held an Early Neutral Evaluation Conference ("ENE") in this matter on April 6, 2020. ECF No. 72. However, the Court did not hold a Case Management Conference ("CMC") following the ENE, due to the numerous Defendants seeking a stay of the case in pending motions. *See* ECF No. 60 at 3. On June 2, 2020, Plaintiffs and the Chicago Title Defendants contacted the Court to intervene in a dispute regarding Plaintiffs' desire to obtain discovery from the Chicago Title Defendants notwithstanding the pending dispositive motions. ECF No. 77. The Court held a hearing on the dispute on June 3, 2020, and thereafter set a briefing schedule for Plaintiffs and the Chicago Title Defendants to submit a joint motion for resolution of the dispute. ECF Nos. 78, 79. The present motion followed. ECF No. 81.

In the motion, Plaintiffs seek a CMC and discovery, arguing that they are entitled to relevant documents that Chicago Title Defendants have disclosed to other litigants and stakeholders in one related federal action and four state court actions, and that Plaintiffs will be materially prejudiced if they do not receive these documents. *Id.* at 3-8. Chicago Title Defendants deny that they have provided any documents to any civil litigants in any other investor action beyond those that will be included in the receiver's repository. *Id.* at 11-13. And, to the extent that Chicago Title Defendants may have provided other documents or information to non-litigant stakeholders as part of privileged settlement discussions, and/or to the Department of Justice in connection with ongoing criminal investigations, Chicago Title Defendants argue Plaintiffs are not entitled to such information. *Id.* at 12-13. Additionally, Chicago Title Defendants argue that that there is good cause to delay the CMC and stay discovery until the Court resolves the pending dispositive motions, and that Plaintiffs will not suffer any prejudice as a result since they will have access to the receiver's repository. *Id.* at 13-16.

## II.   LEGAL STANDARD

The Court has "'[b]road discretion . . . to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of

discovery results in actual and substantial prejudice to the complaining litigant.'" *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, No. 13CV2714-JLS (KSC), 2014 WL 12165415, at *2 (S.D. Cal. Aug. 29, 2014) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). However, the Court should balance this discretion with the obligation to secure a "just, speedy, and inexpensive determination" of every action. *Celebrity Chefs Tour*, 2014 WL 12165415, at *2 (quoting Fed. R. Civ. P. 1.). Part of this obligation requires courts to consider the effect that pending dispositive motions will have on the litigation. When dispositive motions are pending, courts consider:

> [W]hether the pending motion can be decided without additional discovery; whether . . . there appears to be an immediate and clear possibility that it will be granted; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether other defendants have joined the stay request; the posture or stage of the litigation; the expected extent of discovery; and any other relevant circumstances.

*Amey v. Cinemark USA Inc.*, No. CV1306248MMMCWX, 2013 WL 12143815, at *2 (C.D. Cal. Oct. 18, 2013) (internal quotations omitted).

### III. DISCUSSION

The Court finds, first, that Plaintiffs have failed to show that they will suffer prejudice unless discovery proceeds prior to the Court's resolution of the pending dispositive motions.

Plaintiffs seek discovery of documents that are not in the receiver's repository, but that they contend have been disclosed to other litigants and stakeholders or to the Department of Justice. *See* ECF No. 81 at 6 ("Plaintiffs seek ***only*** the documents and information that Chicago Title has disclosed or will disclose to other litigants and stakeholders that will ***not*** be made available to Plaintiffs via the Receiver."). Plaintiffs argue that this discovery is needed "to stay apace of parallel litigation and proceedings, be on equal footing with the government and other stakeholders, and make informed strategy decisions[.]" *Id.* at 7-8.

However, as Plaintiffs acknowledge in their portion of the Joint Motion, all of the authorities on which Plaintiffs rely for this argument concern instances "where there are

multiple parallel proceedings involving substantially the same defendants, facts, and legal theories," and "a litigant in one cause [is] compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *See id.* at 7 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). *See also Turocy v. El Pollo Loco*, No. SACV151343DOCKESX, 2017 WL 2495172, at *1-*2 (C.D. Cal. May 10, 2017) (finding the plaintiffs would be unduly disadvantaged by the automatic stay of discovery triggered by the pendency of a motion to dismiss under the PLSRA, when the same discovery was being produced in an ongoing shareholder derivative action).

As the Chicago Title Defendants point out, the present case is easily distinguishable from circumstances where discovery is being withheld from civil litigants in one action but provided to civil litigants in parallel proceedings. Plaintiffs have failed to show that any documents "disclose[d] to other litigants and stakeholders" in **parallel civil proceedings** "that will ***not*** be made available to Plaintiffs via the Receiver" exist. Although Chicago Title Defendants indicate that they may have produced additional documents or information to other stakeholders (who are not litigants in any investor action) during privileged settlement discussions, Plaintiffs' asserted interest in "stay[ing] apace of parallel litigation and proceedings" is not implicated by Chicago Title's exchange of information or documents with other stakeholders in the context of pre-litigation settlement discussions. Nor would Plaintiffs automatically be entitled to such documents even if discovery were underway in this case. *See* Fed. R. Evid. 408; *United States v. Union Pac. R. Co.*, No. CIV06-1740FCDKJM, 2007 WL 1500551, at *5-*6 (E.D. Cal. May 23, 2007) (discussing the relevant considerations in evaluating whether documents generated during settlement discussions are discoverable). Further, Plaintiffs point to no authority that civil litigants are entitled to discover any documents produced to the government in connection with parallel criminal proceedings. The concerns animating the decisions in the cases cited by Plaintiffs—e.g., allowing litigants in one action to decide the rights of litigants in another action, or allowing discovery in one case to outpace another—are not implicated by the production of documents to the Department of Justice for use in criminal grand jury

proceedings.

Moreover, Plaintiffs brought this motion before reviewing the approximately 240,000 pages available to them through the receiver's repository. As such, Plaintiffs have not shown that they will be prejudiced if the Court does not compel discovery from the Chicago Title Defendants while dispositive motions are pending.

Second, as the Court previously determined when deciding not to hold a CMC after the ENE, the Court finds it would be inappropriate to order Defendants to provide discovery prior to the resolution of the pending dispositive motions, in light of the interests implicated by those motions as well as the need for efficient discovery generally.

Other courts in this district have found that permitting discovery to proceed—even on a narrowed basis—despite pending dispositive motions is not consistent with the "just, speedy, and inexpensive determination" of cases required by Fed. R. Civ. P. 1. *See, e.g.*, *Celebrity Chefs Tour*, 2014 WL 12165415, at *2 ("Since a motion to dismiss . . . [is] now pending before the District Court, discovery at this point would be inefficient and ineffective, as some or all of the causes of action may be dismissed, and some of the parties may be excused from the litigation."); *Azco Biotech Inc. v. Qiagen, N.V.*, 12-CV-2599-BEN DHB, 2013 WL 3283841, at *3 (S.D. Cal. June 26, 2013) ("the Court is concerned that allowing some discovery now will lead to duplicative efforts, including . . . potential discovery disputes between the parties regarding whether certain discovery is or is not impacted by the motion to dismiss."). From the Joint Motion, it appears that Plaintiffs only seek discovery from Chicago Title Defendants. However, creating separate discovery tracks for different parties would be inefficient and difficult to manage. The Court is thus not inclined to permit Plaintiffs to seek discovery from one set of Defendants but not the others. And, to the extent Plaintiffs wish for discovery to proceed among all parties without limitation, the Court is concerned that the interests of the other Defendants with pending motions to dismiss—including two Defendants who have invoked their Fifth Amendment rights against self-incrimination in motions to stay the proceedings entirely pending criminal investigations against them—have not been adequately represented or considered

by the parties who prepared the Joint Motion before the Court.

In the similar context of evaluating motions to stay discovery, federal district courts in California often apply a two-part test that counsels in favor of staying discovery when a pending motion is "potentially dispositive of the entire case . . . [and] can be decided absent additional discovery." *See Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases). Plaintiffs present no argument that the discovery they seek would aid in the Court's decision on the pending dispositive motions. Therefore, allowing discovery to go forward at this time would be an inefficient use of the Court and litigants' time and resources. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (finding that the Court did not abuse its discretion by staying discovery until the issue of immunity was decided, because "discovery could not have affected the immunity decision" and "[t]he stay furthers the goal of efficiency for the court and litigants.").

Whether a pending motion can be decided without the requested discovery is only one of several factors used by courts to consider whether to permit discovery to proceed when dispositive motions are pending. *See Amey*, 2013 WL 12143815, at *2; *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995). The second factor discussed in *Amey*—"whether, upon a preliminary analysis of the merits of the motion there appears to be an immediate and clear possibility that it will be granted"—is not within the undersigned's purview to consider, as the pending motions are before the presiding District Judge. 2013 WL 12143815, at *2. However, it is significant that, in addition to raising arguments that are potentially dispositive of the entire action, the Chicago Title Defendants' motion may impact whether this case remains in federal court at all, since the Chicago Title Defendants argue that Plaintiffs' federal RICO claims are barred. *See* ECF No. 34-1 at 13-19. If those claims are dismissed, the Court may decide not to exercise supplemental jurisdiction over the remaining state-law claims.

Moreover, even if the undersigned were inclined to perform a preliminary analysis of the merits of the pending dispositive motions, there is insufficient briefing before the

1  Court to do so fully. Although the parties to the Joint Motion provide arguments regarding
2  the merits of the Chicago Title Defendants' pending Motion to Dismiss, or in the
3  Alternative, to Stay (ECF No. 34), they do not address the merits of Defendant Elixman's
4  Motion to Dismiss, or in the Alternative, to Stay (ECF No. 37). Nor do the parties address
5  the impact that permitting discovery to proceed without limitation may have on the criminal
6  investigations of Defendants Elixman and DuCharme, a consideration implicated by
7  DuCharme's motion to stay, which is joined by Elixman. ECF Nos. 35, 42. Addressing the
8  remaining factors: this action is complex, but no counterclaims or cross-claims have been
9  asserted. Additionally, the receiver's repository should provide substantial discovery
10 relevant to Plaintiffs' claims. As for whether other defendants have joined the stay request,
11 this case is somewhat unusual in that Plaintiffs are asking the Court to hold a CMC, set a
12 case schedule, and compel Defendants to participate in discovery, and thus there is no
13 formal motion to stay discovery. However, four of the six Defendants in this case are
14 seeking a stay of the proceedings in their entirety. ECF Nos. 34, 35, 37. Defendants
15 DuCharme and Elixman have joined Chicago Title Defendants' Motion to Dismiss, or in
16 the Alternative, to Stay, and Defendant Elixman has joined Defendant DuCharme's Motion
17 to Stay. ECF Nos. 34, 35, 36, 41, 42. Finally, the litigation is in an early stage, and although
18 discovery in this action is likely to be extensive, that factor is weakened by the current
19 availability to Plaintiffs of the more than 240,000 pages of documents in the receiver's
20 repository.

21     Given the multiple pending dispositive motions, the fact that these motions can be
22 decided absent the discovery sought, and Plaintiffs' failure to show that they will be
23 materially prejudiced by denial of their request, the Court declines to schedule a CMC or
24 to compel Chicago Title Defendants to produce the requested discovery.
25 \\
26 \\
27 \\
28 \\

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' request for a CMC and for limited discovery from the Chicago Title Defendants, as set forth in the parties' Joint Motion (ECF No. 81) is **DENIED.**

**IT IS SO ORDERED.**

Dated: July 30, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge